**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4037

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL DUDLEY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:20-cr-00412-TDS-1)

Submitted:  January 31, 2023                          Decided:  March 22, 2023

Before NIEMEYER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Benjamin David Porter, MORROW PORTER VERMITSKY & TAYLOR PLLC, Winston-Salem, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, Tanner L. Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Dudley, Jr., pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court deemed Dudley an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced him to the statutory mandatory minimum term of 180 months' imprisonment. On appeal, Dudley contends that the court erred in sentencing him as an armed career criminal because he did not commit the qualifying offenses on three different occasions. We affirm the district court's judgment.

We review de novo a district court's legal determinations regarding the applicability of the ACCA. *United States v. Hope*, 28 F.4th 487, 493 (4th Cir. 2022). Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have defined occasions as "those predicate offenses that can be isolated with a beginning and an end—ones that constitute an occurrence unto themselves." *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) (internal quotation marks omitted). And we have identified several factors for district courts to consider in determining if offenses were committed on different occasions, including the location of the offenses, the nature, objectives, and victims of each offense, and "whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to

2

engage in the next-in-time offense." *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016) (internal quotation marks omitted).

The Supreme Court recently identified similar factors as relevant in considering whether offenses were committed on the same occasion:

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

*Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022). The Court noted that courts of appeals "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id.* (internal quotation marks omitted).

The district court correctly concluded that Dudley committed his offenses on three different occasions. Three days passed between Dudley's first cocaine distribution offense and his next offenses (a second distribution and a related offense for distribution near a school or park), and then he committed another drug offense months later. The lack of temporal proximity in this case is sufficient to separate the offenses. Moreover, that Dudley had multiple days to reflect on his first offense conduct before selling drugs a second time further distinguishes those crimes. Finally, Dudley suggests that the challenged series of offenses does not satisfy the spirit or intention of the ACCA because he committed the offenses at ages 16 and 17. However, neither this court nor the Supreme

3

Court has identified age as a factor to be considered when determining whether offenses occurred on the same occasion for purposes of the ACCA. *See, e.g.*, *Wooden*, 142 S. Ct. at 1071.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*